IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARIN GARCIA-PONCE, #49527-180                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 5:13-cv-95-KS-MTP

V. LAUGHLIN, Warden
of Adams County Correctional Center                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. On July 9, 2013, Plaintiff, an inmate of the Bureau of Prisons ("BOP"), currently incarcerated at the Adams County Correctional Center, Washington, Mississippi, filed this *pro se* civil rights action against V. Laughlin, Warden of Adams County Correctional Center ("ACCC"). Upon liberal review of the Complaint [1] and Response [10], the Court has reached the following conclusions.

## I. Background

Plaintiff states that Defendant Laughlin did not provide him with medical treatment concerning his request to be evaluated by an ear specialist. Resp. [10] at 1. Plaintiff's request for medical treatment by a specialist was submitted by the ACCC Medical Department. *Id*. The request, however, was denied. *Id.* When Plaintiff requested medical care, he was seen by a physical assistance who stated that Plaintiff "was perfectly fine." *Id*. Plaintiff's response [10] indicates that on October 24, 2011, he received a MRI or radio-graphics test. As of September 5, 2013, Plaintiff has not received the test results or any type of diagnosis or medication. *Id*. at 2. Plaintiff states that he continues to suffer severe pain and has a constant issue with his balance. *Id.*

## II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Court entered an order [8] on August 28, 2013, granting Plaintiff's request to proceed *in forma pauperis.* Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

Initially, the Court notes that Plaintiff submitted his Complaint [1] on forms provided to prisoners filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983. In order to obtain relief under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Defendant Laughlin is an employee of the ACCC which is a facility owned and operated by the private corporation, Corrections Corporation of America, that houses inmates on behalf of the Bureau of Prisons, a federal agency. Since employees of a privately run correctional facility operated under contract with the federal government are not state actors for purposes of § 1983, Plaintiff cannot maintain this case under § 1983. *See Lewis v. Downey*, 581 F.3d 467, 471 n.3 (7th Cir. 2009) (citing *Sandoval v. Wackenhut Corr. Corp.*, No. 93-8582, 1994 WL 171703, at *2 n.3 (5th Cir. Apr. 28, 1994)).

A federal inmate, however, may assert a constitutional challenge to the conditions of

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

his confinement in a civil rights complaint, also known as a *Bivens* complaint. *See Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 395-97 (1971) (holding that a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court). In order to state a *Bivens* claim, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Id.* The Supreme Court has addressed the application of *Bivens* to a claim asserted by a federal prisoner seeking relief against the individual employees of a private prison. *See Minneci v. Pollard*, ---U.S.---, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012). In *Minneci*, the plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against prison employees for the deprivation of adequate medical care. *Id.* at 620. The Court declined to extend the *Bivens* right of action in this situation, finding that extension was not warranted because the Plaintiff could seek a remedy under state tort law. *Id*. at 623-26. Specifically, the Court stated:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id*. at 626. The Court also noted that specific authority exists "in every one of the eight States where privately managed secure federal facilities are currently located," which includes Mississippi, "indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees." *Id*. at 624-25 (citing *Farmer v. State ex rel. Russell*, 224 Miss. 96, 105, 79 So.2d 528, 531 (1955)). Since Plaintiff's claim mirrors the claim rejected by the Supreme Court in *Minneci,* he cannot maintain this *Bivens* action against Defendant

Laughlin, an individual employee of the ACCC.

### III. Conclusion

In sum, Plaintiff cannot assert a *Bivens* claim or seek relief under 42 U.S.C. § 1983, for the alleged denial of medical care in violation of the Constitution against Defendant Laughlin. Consequently, this Complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).  Any state law claims Plaintiff may be asserting will be dismissed without prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).  If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued.

SO ORDERED, this the  9th  day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE